UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PETER MANCUSO, | |
| Plaintiff, | CIVIL ACTION NO. 3:22-cv-01405 |
| v. | (SAPORITO, M.J.) |
| MDG USA INC., | |
| Defendant. | |

**ORDER**

*FILED WILKES BARRE MAY 05 2023 PER MG DEPUTY CLERK*

In this civil action, the plaintiff has asserted claims against the defendant under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, the Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA"), 73 P.S. § 2270.1 *et seq.*, and the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. § 201-1 *et seq.* The action was removed to federal court by the defendant on September 9, 2022.

The defendant has filed a motion to compel arbitration and dismiss case. That motion is fully briefed and ripe for decision.

"When faced with a motion to compel arbitration, we must first determine which standard to apply to the motion." *Horton v. FedChoice Fed. Credit Union*, 688 Fed. App'x 153, 155 (3d Cir. 2017). As the Third

Circuit has instructed:

> [W]hen it is apparent, based on the face of the complaint, and documents relied upon in the complaint, that certain of a party's claims are subject to an enforceable arbitration clause, a motion to compel arbitration should be considered under a Rule 12(b)(6) standard without discovery's delay. But if the complaint and its supporting documents are unclear regarding the agreement to arbitrate, *or* if the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue, then the parties should be entitled to discovery on the question of arbitrability before a court entertains further briefing on the question. After limited discovery, the court may entertain a renewed motion to compel arbitration, this time judging the motion under a summary judgment standard.

*Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 776 (3d Cir. 2013) (cleaned up, emphasis added); *see also Horton*, 688 Fed. App'x at 156.

Here, it is not apparent on the face of the complaint that the plaintiff's FCRA, FCEUA, and UTPCPL claims are subject to arbitration. The complaint does not rely on, mention, or incorporate the revolving credit agreement proffered by the defendant in support of its motion to compel arbitration, much less the arbitration clause contained therein. Moreover, in opposition to the motion, the plaintiff has argued that that agreement is unenforceable due to fraudulent misrepresentation by the

defendant and due to unconscionability of the agreement.

Therefore, the motion to compel arbitration will be denied without prejudice to the filing of a renewed motion to compel, applying summary judgment procedures and standards, following a period of limited discovery into the issue of arbitrability.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. The defendant's motion to compel arbitration and dismiss case (Doc. 6) is **DENIED without prejudice**;

2. The parties shall have until **August 31, 2023**, to conduct discovery limited to the arbitrability of the plaintiff's FCRA, FCEUA, and UTPCPL claims; and

3. The defendant shall file its renewed motion to compel arbitration or otherwise answer or respond to the complaint **within twenty-one (21) days** after completion of this period of limited discovery into the issue of arbitrability.

Dated: May __5__, 2023

*s/ Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge